( Decided April 25th, 1866. )

## The Northern Central Railway Company *vs.* The Canton Company of Baltimore.

Arbitration and Award.—When an award is made on a case referred, under the 7th Article of the Code, no objections can be be ordinarily made to it, except such as are specified in the 2nd section of the above article, or to such legal objections as appear on the face of the award.

———: Code, Art. 5, Sec. 23 : Effect of Appeal from Order Granting an Injunction.—A case was referred to an arbitrator by consent, under rule of the Court in which the suit was pending. While the matter was still before the arbitrator the defendant obtained an injunction, restraining the plaintiff from proceeding with the reference. The latter filed an answer and took an appeal from the order granting the injunction, and gave bond as required by law. The arbitrator having filed his award during the pendency of the appeal, on exceptions to it for that cause, Held :

1st. That by the true construction of sec. 23, Art. 5 of the Code, upon appeal taken, and the giving an appeal bond, the operation and effect of the injunction entirely ceases until judgment shall be pronounced by the appellate tribunal.

2nd. That the arbitrator was not prevented by the pendency of the injunction case from going on with his award.

Appeal from the Superior Court of Baltimore City.

The appellee instituted an action of *trespass q. c. f.* against the appellant in the Superior Court of Baltimore, and by consent of the parties the case was referred under rule of the said Court to I. Nevett Steele, Esq., as referee. While the matter was pending before

the arbitrator, the defendant instituted proceedings in the Circuit Court of Baltimore City, and procured an injunction from that Court, restraining the plaintiff from proceeding with said reference. The plaintiff having filed an answer to the bill, took an appeal from the order granting the injunction, and filed an appeal bond, which was approved.

The arbitrator, treating the appeal as a suspension of the injunction, was proceeding with the arbitration when the defendant filed in the Superior Court the following motion, to wit:

"The defendant moves for a rule on the arbitrator, to whom this case has been referred, to stay further proceedings under said reference until the further order of this Court, upon the ground that an injunction has issued out of the Circuit Court for Baltimore City to restrain the plaintiff from its prosecution, and that the appeal taken by the plaintiff in this cause from the order granting said injunction, is now pending and to be heard at the ensuing June term of the Court of Appeals."

The plaintiff having filed its reasons why this rule should not be granted, the Court (MARTIN, J.) passed the following order:

" In this case the rule to show cause must be discharged. As soon as the cause was referred under a rule of Court, in conformity with the 1st section of the 7th Article of the Code, all jurisdiction over the case was transferred to the arbitrator, as a personal tribunal, selected by the parties themselves, and the Court in which the suit originated lost all control over it, except for the purpose of reinstating it under the 5th section of the 7th Article, or of setting aside the answer, when it was returned, for errors apparent on its face, or for some matter of fraud, imposition or surprise *aliunde* the award. And for this reason the injunction granted by the Circuit Court was addressed

to the referee and not to this tribunal. An appeal bond having been given by the Canton Company in the equity suit, as authorized by the Code, the case is to be treated as if no injunction had been issued. 11 *Md. Rep.*, 365. And as this Court has no power over the arbitrator in the present position of the case, the rule to show cause is discharged.''

The arbitrator thereupon filed his award, which was excepted to by the defendant for the following reasons :

1. ''For that while the said cause was pending before the said referee and before the same was brought to a final hearing before him, and before any award had been made or rendered by him, the Circuit Court for Baltimore City, a Court of competent jurisdiction in equity, on a bill of complaint filed therein by said defendant, had passed an order restraining and enjoining the said plaintiff from further proceeding with the said cause, before said arbitrator referee, until the further order of said Circuit Court for Baltimore City, which said order of said Court was duly served on said plaintiff and its attorneys, on 29th day of April, 1863, and of which order the referee on the same day, had due and final notice.

''That said order of injunction has never yet been dissolved, but that notwithstanding said order of injunction, and the protest of the said defendant to said referee made, the said referee did after full notice of said order, and in violation thereof, proceed with and to hear said cause and determine the same, and made the award so as aforesaid, filed in this cause on the 5th day of June, 1863.

2. ''For that after the service of said order of injunction on said defendant and its attorneys, and notice thereof to said referee as aforesaid, and before the final hearing of said cause before said referee had taken place, and before said award had been made, the said plaintiff appealed from

the order of the Circuit Court for Baltimore city, on the 6th day of May, 1863, to the Court of Appeals of Maryland, which said cause stood for hearing at the June Term, 1863, of said Court, and was assigned for hearing on the first day of said term, and was heard and argued by the attorneys of said plaintiff, and of said defendant, at said time, and was thereupon submitted to said Court of Appeals, and before any award had been filed in this cause, or any notice of said award served on the defendant or its attorney; all of which proceedings relating to said appeal were with the full knowledge of the said referee.

"That notwithstanding the pendency of the said cause in the Court of Appeals on said appeal, and which appeal was taken to test, and the decision wherein will test whether the said referee should or could go on with said reference, and render an award in said causes, or whether the matters in litigation in said cause were not exclusively for a Court of Equity jurisdiction; and notwithstanding said cause had been heard in the said Court of Appeals, and was then in the breast of the Court, the said referee did proceed after said appeal taken, and with knowledge that it would be heard, as it *was* heard, to finally hear said cause and to make up his award, and after said argument in the Court of Appeals, did deliver said award to the plaintiff, by whom, on the 5th of June, 1863, a copy of the same was served on the attorney of the defendant."

The Superior Court, (MARTIN, J.,) overruled these exceptions, and ordered judgment to be entered up upon the award. From which order the present appeal is taken.

This cause was argued before BOWIE, C. J., BARTOL, GOLDSBOROUGH, and WEISEL, J.

*J. Mason Campbell* and *R. B. Taney Campbell*, for the appellant.

The counsel for the appellant contend that the judgment below should be reversed.

1. Because the referee had no right to proceed with the award, after being served with notice of the injunction.

2. Because the appellee having appealed from the order granting said injunction, the referee had no right to go on with his award while said appeal remained undetermined in the Court of Appeals.

*George W. Brown* and *F. W. Brune,* for the appellee, argued :

1st. That the decision of this Court in the said injunction case of the *Canton Co. vs. The Northern Central Railway Co.,* is conclusive of this case. That the point was directly raised in said injunction case, that this case had been referred to an arbitrator, and was then pending before him, and it was alleged by this appellant in said injunction case that it was vested with an equitable title in the property in question in this case, and was entitled to the equitable relief of an injunction restraining this appellee from proceeding further in this case before the referee ; but the Court of Appeals decided that the appellant had no title, legal or equitable, in or to said property, and was not entitled to the injunction which had been granted by the Circuit Court, and accordingly reversed the decree of said Court, and dissolved said injunction. The grounds on which this Court refused to interfere by injunction with said award and judgment, are equally conclusive against such interference on this appeal.

2nd. Even if the injunction had been violated by the Canton Company, such violation while it would be a contempt of the Court of Equity issuing the injunction, would be no ground for the reversal of the judgment of a Court of Law on such award.

Northern Central R. R. Co. *vs.* Canton Co. of Baltimore.

3rd. That the entire case was submitted to the referee by consent of parties, and rule of Court, and that the referee had entire and exclusive jurisdiction thereof. That the only points now before this Court are those raised in the exceptions filed by appellant, and that neither exception furnishes any legal objection to said award and judgment thereon.

4th. Because the effect of said injunction was stayed by the appeal in this case, and said injunction was dissolved by this Court as having been issued improvidently and improperly. Code, Art. 5, secs. 21 and 23; Art. 1, secs. 1 to 6 inclusive. *Blondheim vs. Moore,* 11 *Md. Rep.,* 365.

GOLDSBOROUGH, J., delivered the opinion of this Court.

The appeal in this case is taken from a decision of the Superior Court of Baltimore City, overruling exceptions to an award of I. N. Steele, Esq., and rendering judgment on the award for the appellee.

The case referred to Mr. Steele originated in an action of trespass *q. c. f.,* by the appellee against the appellant, to recover damage for the trespass alleged in the plaintiff's declaration. While this action was pending in the Superior Court, it was referred to Mr. Steele by consent of both parties, in accordance with the provisions of the 7th Art. of the Code.

The question in dispute being under consideration of the referee, and before any award was made by him, the appellant, at the May Term, 1863, of the Superior Court, made a motion for a rule on the referee to stay the proceedings, on the ground that an injunction had issued out of the Circuit Court for Baltimore City, to restrain the appellee from the further prosecution of the case thus referred, and that an appeal taken from the order granting the injunction was then pending in the Court of Appeals. This order was subsequently reversed.

The Court discharged the rule, and at the same time the referee filed his award. The reasons filed by the appellant fer setting aside the award and reversing the judgment of the Superior Court, rendered on the award, are set out in the record, and we have maturely considered them.

Where an award is made on a case referred under the 7th Art. of the Code, no objections can be ordinarily made to it except such as are specified in the 2nd sec. of the above article, or to such legal objections as appear on the face of the award. In reviewing the exceptions filed to this award, we find no intimation that the referee acted otherwise than with perfect impartiality between the parties litigant. The only substantial allegation is, that he disregarded the injunction and the pending of the case in the Court of Appeals.

It is important in this connection to bear in mind that the appellee appealed from the order of the Circuit Court, and entered into an appeal bond to prosecute the appeal with effect.

In such case the 23rd sec. of Art. 5 of the Code, provided that " upon giving such bond, the appeal shall stay the operation of such orders," (that is those orders mentioned in the 21st sec.) " in the same manner as do appeals from final decrees."

This provision of the Code is a transcript of the Act of 1853, ch. 374, and this Court has given a judicial interpretation of that Act, which we see no just reason to disturb, and it will control our decision in the present case. In the case of *Blondheim and others vs. Moore,* 11 *Md. Rep.,* 371, 372, this Court construing the Act of 1853, ch. 374, as to the language " shall stay the operation of all such orders in the same manner as do appeals from final decrees," ask, " what is the manner? It is nothing more than this, everything is stayed, suspended, until judgment shall be pronounced by the appellate tri-

bunal ; that is to say, the operation and effect of the injunction wholly and entirely ceased."

For these reasons and those assigned by the learned Judge of the Superior Court, the judgment from which this appeal was taken must be affirmed.

*Judgment affirmed.*

(Decided April 25th, 1866.)